# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 21, 2003

## STATE OF TENNESSEE v. ALORRA D. PUCKETT

### Direct Appeal from the Criminal Court for Hamilton County
### No. 238682    Douglas A. Meyer, Judge

### No. E2002-01959-CCA-R3-CD
### July 9, 2003

In a certified question of law, the defendant challenges the traffic stop that resulted in her plea of *nolo contendere* to DUI, first offense.  We hold the stop was unlawful and reverse the trial court's judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Conviction Vacated

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., J., joined.  JOE G. RILEY, J., filed a dissenting opinion.

Ardena J. Garth, District Public Defender; and Donna Robinson Miller (on appeal) and Lorrie Dawn Miller (at hearing), Assistant District Public Defenders, for the appellant, Alorra D. Puckett.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; William H. Cox, III, District Attorney General; and Carl Thomson Huskins, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On the night of April 29, 2001, a police officer stopped the defendant after he observed her driving for approximately one minute.  She was charged with DUI as a result of the stop.  The defendant presented a motion challenging the propriety of the traffic stop, which the trial court denied.  The defendant later entered a plea of *nolo contendere* to DUI, first offense, but reserved the following certified question of law as part of her plea: "Whether there were sufficient specific and articulable facts to justify the stop of the defendant's vehicle."

### VEHICLE STOP

The Fourth Amendment to the United States Constitution grants the right to be secure from unreasonable searches and seizures, and prohibits the issuance of warrants without probable cause. Article I, § 7 of the Tennessee Constitution is identical in purpose and intent with the Fourth Amendment.  State v. Troxell, 78 S.W.3d 866, 870 (Tenn. 2002).  Under both constitutions, a

warrantless search or seizure is presumed to be unreasonable, and the resulting evidence is subject to suppression unless the state demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement. State v. Binette, 33 S.W.3d 215, 218 (Tenn. 2000).

These constitutional protections against unreasonable searches and seizures also apply to vehicles. Troxell, 78 S.W.3d at 870-71. A law enforcement officer must have probable cause or reasonable suspicion supported by specific and articulable facts to believe an offense has been or is about to be committed in order to stop a vehicle. State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). In determining whether reasonable suspicion existed, a court must consider the totality of the circumstances. Binette, 33 S.W.3d at 219.

> Initially, we note that the state in its brief
> urges the court to consider the costs of drunk driving against the limited intrusion
> upon motorists who themselves are put at risk by drunk drivers. . . . [W]hen there is
> a reasonable basis for further investigation, any intrusion on the privacy right of that
> particular individual who is stopped and evaluated is far outweighed by the benefit
> to every motorist on the highway.

The state then directs us to various statistics relating to alcohol-related "crashes."

A stop may be initiated where there is a "reasonable basis for further investigation." However, "the costs of drunk driving" and the statistical information provided by the State have never been criteria for the analysis of a stop or seizure. It appears the state is asking this court to consider the danger to society by drunk drivers in analyzing the constitutional standards which must be met before a traffic stop may be initiated. A motorist does not lose all reasonable expectation of privacy simply because he or she enters an automobile. State v. Smith, 21 S.W.2d 251, 255 (Tenn. Crim. App. 1999). Although driving under the influence indeed poses a grave danger to motorists, unfettered governmental intrusion upon constitutionally guaranteed liberties also poses a danger. See Delaware v. Prouse, 440 U.S. 648, 662-63, 99 S. Ct. 1391, 59 L. Ed. 2d 660 (1979). This court cannot apply a different standard in reviewing the requirements for a traffic stop for a DUI investigation than we would apply in reviewing any other traffic stop. The constitutional standards are not lessened, nor does a governmental officer have broader authority, because the stop is for a DUI investigation.

### STANDARD OF REVIEW

In general, unless the evidence preponderates against them, the trial court's findings of fact in a suppression hearing will be upheld on appeal. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, where the trial court's findings of fact are based on evidence that does not involve issues of credibility, such as a videotape, the appellate courts must examine the record *de novo* without a presumption of correctness. Binette, 33 S.W.3d at 217. If the issue involves an application of law to undisputed facts, the appellate courts conduct a *de novo* review as to the question of law. Troxell, 78 S.W.3d at 870.

**PROOF AT HEARING**

Officer Gary Martin of the Chattanooga Police Department's DUI task force testified at the suppression hearing that he was traveling behind the defendant when he observed her cross over the left line of her lane of traffic. Officer Martin stated he then activated the camera on his patrol car before the defendant "weaved to the right," "track[ed] down" the right line, and "jerked [her car] back." We are unable to conclude that the defendant "jerked" her car back based upon our view of the videotape. We further fail to observe any significant weaving or "tracking down" the right line. We, therefore, reject the testimony relating to these activities. Officer Martin said the defendant subsequently crossed the left line again before he pulled her over. The videotape shows the defendant's vehicle touching the right white line, proceeding a considerable distance in her lane, and eventually either crossing or going on the left white line before Officer Martin stopped her. Our observation of the videotape does not reveal any erratic driving. Officer Martin observed the defendant over the course of approximately one minute.

**ANALYSIS**

The defendant maintains the videotape established that she stayed within her lane and that she did not drive erratically. Therefore, she argues, Officer Martin lacked reasonable suspicion to stop her vehicle. Although the issue is close, we agree with the defendant.

The defendant relies upon Binette, 33 S.W.3d at 220, Smith, 21 S.W.3d at 258, and State v. Ann Elizabeth Martin, No. E1999-01361-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 693, at *19 (Tenn. Crim. App. Sept. 8, 2000, at Knoxville), in support of her argument that a momentary lapse in a motorist's driving, such as slight drifting within the lane of travel, driving on the white line, or briefly leaving the lane of travel, does not, standing alone, constitute reasonable suspicion for a traffic stop. The defendant's driving was similar to that in the above cases; thus, we consider these cases controlling.

We believe the facts of this case are distinguishable from those in State v. Gary S. Greve, No. E2002-00999-CCA-R3-CD, 2003 Tenn. Crim. App. LEXIS 255 (Tenn. Crim. App. Mar. 27, 2003, at Knoxville). In Greve, we upheld an investigatory stop where the defendant's vehicle weaved in and out of its lane of travel three times in a short time span. *Id.,* at *9.

Based upon our *de novo* review of the videotape and our review of Officer Martin's testimony, we conclude the evidence preponderates against the findings of the trial court which held that Officer Martin had a reasonable suspicion justifying his stop of the defendant's vehicle. Accordingly, we reverse the judgment of the trial court and vacate the conviction.

THOMAS T. WOODALL, JUDGE